```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA       )
ex rel., PHILLIP BARLOW        )
    Plaintiffs,                )
                               )
        v.                     )   C.A. No. 04-11540-MLW
                               )
BRISTOL-MEYERS SQUIBB          )
COMPANY, et al,                )
    Defendants.                )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                        September 2, 2010

Based on an ex parte submission, the court issued a sealed order that allows the motion by plaintiff-relator Phillip Barlow's attorneys to withdraw from representation. Barlow, who is not a lawyer, had been on notice of his attorneys' desire to withdraw since May, 2010.

Most of the claims in this case were dismissed in 2007, having been settled by the government. However, if Barlow seeks to pursue the remaining qui tam claims on behalf of the United States, he may only do so if he is represented by counsel. See Local Rule 83.5.3(c) ("A person who is not a member of the bar of this court, and to whom sections (a) and (b) are not applicable, will be allowed to appear and practice before the court only in his own behalf."); Otero v. Int'l Gen. Elec. Co., 966 F.2d 1440 (Table), 1992 WL 144690, at *1 (1st Cir. 1992) (stating that, while non-lawyer could represent himself pro se, he could not represent other plaintiffs); U.S. ex rel. Mergent Servs. v. Flaherty, No. 05 Civ.

4921(HB), 2006 WL 880044, at *2 (S.D.N.Y. Apr. 6, 2006) ("[Q]ui tam suits are analogous to class actions and shareholder derivative suits in that courts have required named plaintiffs suing on behalf of others to retain counsel."); see also Timson v. Sampson, 518 F.3d 870, 873-74 (11th Cir. 2008) (holding that qui tam relator could not maintain action pro se, and stating this holding is in accordance with all circuits to address the issue); Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1127 (9th Cir. 2007) ("Our conclusion that a pro se relator cannot prosecute a qui tam action on behalf of the United States is consistent with the decisions of other circuits to have addressed the issue."); U.S. ex rel. Szymczak v. Covenant Healthcare Systems, Inc., 207 Fed. App'x 731, 732 (7th Cir. 2006) (Table) ("[A] qui tam relator . . . sues on behalf of the government and not himself.  He therefore must comply with the general rule prohibiting nonlawyers from representing other litigants. [] And, a rule against pro se plaintiffs representing the government 'operates to filter out frivolous litigation that can redound to the harm of the represented party.'") (citations omitted).

   Accordingly, it is hereby ORDERED that, by September 24, 2010, Barlow shall cause new counsel to file an appearance.  If counsel does not do so, this case will be dismissed.


                                         /s/ Mark L. Wolf
                                        UNITED STATES DISTRICT JUDGE

2