```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ex rel., PHILLIP BARLOW ) | |
|     Plaintiffs, ) | |
| ) | |
|     v.   ) | C.A. No. 04-11540-MLW |
| ) | |
| BRISTOL-MEYERS SQUIBB ) | |
| COMPANY, et al, ) | |
|     Defendants. ) | |

MEMORANDUM AND ORDER

WOLF, D.J.                                          September 27, 2010

On July 9, 2004, Relator Phillip Barlow filed the complaint in this qui tam action. Most of the claims in this case were dismissed in 2007, having been settled by the government. See Sept. 28, 2007 Stipulation of Dismissal. Barlow, who is not an attorney, is unable to pursue the remaining qui tam claims on behalf of the United States if he is not represented by counsel. See Local Rule 83.5.3(c) ("A person who is not a member of the bar of this court, and to whom sections (a) and (b) are not applicable, will be allowed to appear and practice before the court only in his own behalf"); Otero v. Int'l Gen. Elec. Co., 966 F.2d 1440 (Table), 1992 WL 144690, at *1 (1st Cir. June 29, 1992) (stating that, while non-lawyer could represent himself pro se, he could not represent other plaintiffs); Timson v. Sampson, 518 F.3d 870, 873-74 (11th Cir. 2008) (holding that qui tam relator could not maintain action pro se, and stating that this holding is in accordance with all circuits to address the issue); Stoner v. Santa Clara County Office

of Educ., 502 F.3d 1116, 1127 (9th Cir. 2007) ("Our conclusion that a pro se relator cannot prosecute a qui tam action on behalf of the United States is consistent with the decisions of other circuits to have addressed the issue").

In March 2010, Barlow's original counsel, Thomas M. Greene and G. Michael Simpson, withdrew, and Suzanne E. Durrell and Donald R. Warren appeared on his behalf. Two months later, in May 2010, Durrell and Warren moved to withdraw as Barlow's counsel. On September 2, 2010, the court allowed the motion to withdraw from representation and ordered Barlow to secure new counsel by September 24, 2010. See Sept. 2, 2010 Order. That Order states that Barlow's failure to do so would result in the case being dismissed. See id. at 2.

On September 21, 2010, Barlow moved for an additional 180 days to secure new counsel, claiming that he had only "recently been informed" of Durrell and Warren's withdrawal from representation. Motion for Extension of Time at 1. However, Barlow has been on notice of his attorneys' motion to withdraw since about May 27, 2010, when it was filed and served. He has not found new counsel in the past four months. In view of the reasons stated in his attorneys' sealed, ex parte submissions requesting leave to withdraw, see Docket Nos. 25 and 26 (Under Seal), it is unlikely that Barlow will be able to secure new counsel if given more time to do so.

2

As explained earlier, the United States settled most of the claims in this case in 2007. Boyd has had ample opportunity to develop the remaining claims and has failed to do so. Defendants have a legitimate interest in having this case finally resolved.

In view of the foregoing, it is hereby ORDERED that:

1. The Motion for Extension of Time (Docket No. 33) is DENIED.

2. This case is DISMISSED.

                                            /s/ Mark L. Wolf
                                    UNITED STATES DISTRICT JUDGE